## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 5:21-cv-1032 |
| CAMELOT APARTMENTS LLC, | ) ) | |
| Defendant. | ) ) | |

### COMPLAINT FOR DECLARATORY RELIEF

NOW COMES Plaintiff, GREATER NEW YORK MUTUAL INSURANCE COMPANY, by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, and for its Complaint for Declaratory Relief, respectfully states as follows:

### NATURE OF THE CASE

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, which arises out of an existing and actual controversy between the Plaintiff, Greater New York Mutual Insurance Company ("GNY"), and Defendant, Camelot Apartments LLC ("Camelot") (collectively the "parties"), concerning the parties' rights and obligations under an insurance policy.

2.      Specifically, GNY brings this action to compel Camelot's participation in the mandatory appraisal process provided for within the insurance policy issued by GNY to Camelot.

### PARTIES

3.      At all times relevant, Camelot was and is a limited liability corporation that owned and operated an apartment complex at 122225 Huffman Road, Parma Heights, Ohio. (the "Property"). The members of the Camelot LLC are citizens of the State of Ohio.

4.      At all times relevant, GNY was and is an insurance company incorporated in New York, with its principal place of business in New York, New York, authorized to engage in the business of issuing insurance policies in the State of Ohio.

## JURISDICTION AND VENUE

5.      This Court possesses original jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 2201, as GNY is seeking a determination of the parties' rights and obligations under a policy of insurance issued to Camelot.  Further, this Court possesses jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1446 due to diversity amongst the parties.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial portion of the events or omissions giving rise to this action occurred in this judicial district.  In addition, the property that is subject of this action is situated in this judicial district.

## STATEMENT OF FACTS

7.      At all times relevant, Camelot owned the Property.

8.      At all times relevant, GNY insured the Property pursuant to its policy of insurance number 1134M47684 with a policy term of April 1, 2019 to April 1, 2020  (the "Policy").  A copy of the Policy is attached hereto as Exhibit A.

9.      The Policy insured the Property against certain risks of physical loss or damage caused by or resulting from any covered cause of loss unless otherwise limited or excluded by the terms of the Policy.

10.     On or about July 26, 2019, Camelot reported to GNY that the Property was substantially damaged by a fire (the "Loss").

11.     GNY investigated and adjusted the Loss.

12.     GNY estimated the Building damage at $5,342,746.70 Replacement Cost value, and GNY issued Actual Cash Value payments to Camelot totaling $4,183,843.59 for the Building damage, after deducting $1,133,903.11 in recoverable depreciation and the Policy's $25,000.00 deductible.

13.     Camelot, however, did not agree with GNY's valuation of the Building damages.

14.     To resolve the disagreement over the valuation of damages caused by the Loss, on May 1, 2020, GNY demanded an "Appraisal" by invoking the Policy's contractual alternative dispute resolution procedure involving a three-member panel ("Appraisal clause"):

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

15.      A true and correct copy of GNY's May 1, 2020 demand for appraisal is attached as Exhibit B.

16.     An appraisal is binding on the parties concerning the amount of the Loss.

17.     GNY nominated Mr. Dan Woods of J.S. Held as its appraiser.

18.     Camelot nominated Mr. Darren Ehmer of Finnicum Adjusting Company, Inc. as its appraiser.

19.     The two appraisers selected Mr. Michael Walsh as the umpire.

3

20.     On July 21, 2020, the two appraisers and the umpire (collectively, the "Appraisal Panel") executed a "Declaration of Appraiser/Umpire" agreeing to, among other things, act with impartiality in appraising the value of the damages caused by the Loss. A true and correct copy of the "Declaration of Appraiser/Umpire" is attached hereto as Exhibit C.

21.     During the appraisal process, Camelot's appraiser, Mr, Ehmer, identified purported additional building repairs that had not been claimed by Camelot at the commencement of the appraisal process.

22.     After the additional items were identified, on August 25, 2020, GNY issued a letter to Camelot making it clear that GNY's appraisal demand encompassed "the entirety of the Building portion of this claim." A true and correct copy of GNY's August 25, 2020 letter is attached as Exhibit D.

23.     On February 12, 2021, the Appraisal Panel issued an interim appraisal award ("award") signed by the umpire and GNY's appraiser, Mr. Woods. A true and correct copy of the award is attached as Exhibit E.

24.     The award left open for later consideration the Appraisal Panel's determination of "Law/Ordinance/Increased Costs of Construction" pertaining to the Policy's additional coverage for increased costs of construction caused by the enforcement of local building laws or ordinances (hereinafter "Building Code").

25.     The Appraisal Panel deferred its determination of the amount of the Building Code related costs because the Appraisal Panel had retained the services of an architect to review the code compliance issues, and because the City of Parma's building department had not yet made final determinations regarding code enforcement based on the plans submitted by the architect.

26.     Rather than allow the Appraisal Panel to complete its work and finalize the award for the Building Code related items, Camelot's public adjuster and representative, Jason Marrero, directly interfered in the appraisal process by attempting to replace both Camelot's appraiser, Mr. Finchem, and the umpire, Mr. Walsh, without any cause or justification whatsoever.

27.      GNY objected to Mr. Marrero's attempt to obstruct and interfere with the appraisal process, and demanded that Camelot allow the process to proceed with the designated Appraisal Panel.

28.      Camelot has thus far refused to allow the Appraisal Panel complete the appraisal.

29.     Due to the conduct of Camelot and its designated public adjuster Mr. Marrero, the appraisal has not been completed and the appraisal process is at a standstill.

## COUNT I
### (Compel Appraisal)

30.     GNY re-asserts and realleges Paragraphs 1-29 as Paragraph 30 of Count I as though fully set forth herein.

31.     The Appraisal process is contractually mandated by demand of either party.

32.     GNY demanded, and Camelot agreed, to an appraisal of "the entirety of the Building portion of this claim" pursuant to the Appraisal clause in the Policy.

33.     GNY and Camelot both designated appraisers, and the two appraisers selected an umpire pursuant to the Appraisal clause in the Policy.

34.     For nearly a year the Appraisal Panel has been faithfully discharging its duties to determine the amount of all the Building related damages pursuant to the Appraisal clause of the Policy.

35.    Camelot's attempt to replace both its appraiser and the umpire before the Appraisal Panel has completed its work and rendered a final award is improper and a material breach of the Appraisal clause of the Policy.

36.    An actual controversy exists between the parties concerning the conduct of the appraisal process and Camelot's interference with same.

37.    This Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as is necessary.

WHEREFORE, Plaintiff Greater New York Mutual Insurance Company requests this Court enter an Order compelling Defendant Camelot Apartments LLC to (1) complete the appraisal process with the designated Appraisal Panel pursuant to the Appraisal clause of the Policy; (2) cease and desist from all further interference with the appraisal process; and (3) for its costs and fees herein and such other relief as the Court may find just and equitable.

Respectfully submitted,


 /s/:  *Matthew S. Ponzi*
Matthew S. Ponzi (mponzi@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff, P.C.
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel:  (312) 863-5000
Fax: (312) 863-5099

*Attorneys for Plaintiff, Greater New York
Mutual Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the appended document and referenced exhibits were filed electronically with the above-captioned court on May 18, 2021, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be emailed to any individuals who do not receive electronic notice from the Clerk).

/s/:  *Matthew S. Ponzi*