FILED

OCT 15 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAMELOT APARTMENTS LLC, )<br>)<br>Defendant. )<br>)<br>) | CASE NO.: 1:21 CV 1032<br><br><br>JUDGE DONALD C. NUGENT<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

This matter is before the Court on Plaintiff, Greater New York Mutual Insurance Company's ("GNY") Motion to Dismiss Count Three of Camelot's Counterclaim. (ECF #8). Defendant, Camelot Apartments LLC ("Camelot") filed a Brief in Opposition to the Motion, and Plaintiff filed a Reply in support. (ECF #10, 13). After careful consideration of the briefs and a review of all relevant authority, Plaintiff's Motion to Dismiss Count Three of the Counterclaim is GRANTED.

## FACTUAL AND PROCEDURAL OVERVIEW[1]

GNY issued a commercial property insurance policy to Camelot. In July of 2019, an accidental fire broke out in one of Camelot's apartments. Due to damage caused by the fire and as a result of fire suppression efforts, 72 rental units were physically damaged, and 100 tenants were displaced. Camelot notified GNY of its claims for repairs as well as for rental reimbursement for the damaged and unoccupied units. GNY issued an advanced payment of $50,000 on the loss of rent claim, but allegedly undervalued and failed to fully compensate Camelot for the loss of rent for the twelve month period covered by the policy. Camelot alleges that GNY also issued partial payments on various repair costs, but ultimately would not provide final approval for these claims. This allegedly caused delays in the repairs creating additional and unnecessary loss of rent during the restoration process.

GNY brought a declaratory action seeking to require Camelot to participate in the mandatory appraisal process purportedly provided for within the relevant insurance policy. Camelot filed a counterclaim, raising claims of breach of contract, bad faith, and breach of fiduciary duty. GNY answered the claims for breach of contract and bad faith, and filed the instant Motion to Dismiss seeking dismissal of the counterclaim for breach of fiduciary duty.

## STANDARD OF REVIEW

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the

---

[1] The facts as stated in this Memorandum and Order are taken from the Counterclaim and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Defendant.

content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993).

## ANALYSIS

A fiduciary relationship, under Ohio law, is "one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Stone v. Davis*, 66 Ohio St.2d 74, 78, 419 N.E.

2d 1094 (1981), *quoting In Re Termination of Emp.*, 40 Ohio St.2d 107, 155, 321 N.E.2d 603 (1974). Both parties agree that it is well established in Ohio that an insurance agent/insured relationship, without more, is a contractual relationship and not a fiduciary relationship. *See., e.g, Vinecourt Landscaping, Inc. v. Kleve*, 2013-Ohio-5825, ¶ 35 (Ohio App. 11th Dist. No. 2013-G-3142, Dec. 31, 2013); *see also, Pinkerton v. Gov't Employees Ins. Co.*, No. 5:18-CV-1371, 2019 WL 1026227, at *7 (N.D. Ohio Mar. 4, 2019). This extends into the claim handling process. *Brenner v. LM Gen. Ins. Co.*, No. 5:16-CV-1117, 2017 WL 2869350 (N.D. Ohio July 5, 2017).

There could, theoretically, be exceptions wherein what started as an arm's length contractual relationship expands into a fiduciary relationship. For a fiduciary relationship to exist in such a scenario, both parties must understand that a special trust or confidence has been placed on one party by the other. *Randleman v. Fid. Nat. Title Inc. Co.*, 465 F.Supp.2d 812, 823 (N.D. Ohio 2006). Allegations of insured's unilateral confidence in its insurer does not suffice. *Id.* Neither do mere allegations of breach of contract or bad faith. See, *Brenner* at 13. Camelot does not allege any facts that would establish a special relationship between it and NYG, nor are there any allegations that would suggest that either party believed there to be a special trust or confidence that went beyond expectations that the contract terms, agreed on by the parties, would be upheld. Camelot argues that GNY was aware of a special relationship between the parties "as evidenced by its behavior during the assessment of Camelot's losses and its processing of Camelot's insurance claims." (ECF #10). The assessment of losses and processing of claims, however, is a duty defined by the contract between the parties and not by any relationship beyond the contractual one. The fact that GNY made partial payments on some claims prior to determining final approval of the full claim amounts does not evidence a fiduciary relationship. The "control" exercised by GNY in this manner is subject to

the terms of the contract, and can be challenged by Camelot if it does not align with the contract terms. It is likely that every insured feels somewhat vulnerable and dependent on their insurance company when it becomes necessary to file a claim, but depending on a company to abide by their contractual obligations does not, in and of itself, rise to the level of dependence and trust necessary to establish a fiduciary relationship.

There is no suggestion that NYG had any duty to Camelot beyond what it owed under the contract. NYG and Camelot had a business relationship, and NYG did not have any separate duty to protect Camelot's interests or put them above its own. Camelot has simply not alleged the type of relationship with NYG that would support a claim for breach of fiduciary duty.[2] It is unlikely, based on the allegations in the counterclaims, that permitting amendments would resolve this deficiency. Nothing in the counterclaim allegations remotely suggests that the relationship between the parties goes beyond a arm's length contractual relationship. Therefore, Camelot's alternative request for permission to amend its breach of fiduciary duty claim is denied.

---

[2] Further, in Ohio, tort actions are generally unavailable in breach of insurance contract cases because the only alleged duty is to timely pay benefits provided for under the contract. *See, e.g., Brenner* at 13. Therefore, absent some significant relationship beyond the contractual one, a claim for breach of fiduciary duty is not only unsupported, but would also be duplicative.

## CONCLUSION

For the reasons set forth above Plaintiff's Motion to Dismiss Count Three of the Counterclaim, (ECF #8), is GRANTED. Count Three of the Counterclaim is Dismissed with prejudice. IT IS SO ORDERED.

DATED: October 15, 2021

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge